77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory C. EARLY, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 95-35479.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Feb. 15, 1996.
 
 Before: WRIGHT, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Early was convicted of one count of first-degree burglary, one count of second degree assault and two counts of intimidation of a witness. He seeks a writ of habeas corpus alleging ineffective assistance of counsel. We find no merit in any of his contentions. On direct appeal, the Washington Court of Appeals observed: "Our review of the record supports a finding that trial counsel's performance was highly competent and reflected substantial criminal trial experience." State v. Early, 853 P.2d 964, 969-970 (Wash.App.1993).
 
 
 3
 It was clear to the trial court and the court of appeals that Early was well-represented at trial. It is clear to us as well. He failed to prove that his counsel's performance was deficient, much less that any deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 686 (1984).
 
 
 4
 Early also argues that the trial court erred in rejecting his motion to substitute trial counsel. The trial court would have had to grant a continuance to allow a new attorney the opportunity to prepare for trial. This fourth continuance would have prejudiced the state's case, making it more difficult to secure witnesses for trial. The trial court properly denied the untimely motion. See Bland v. Cal. Dept. of Corrections, 20 F.3d 1469, 1476 (9th Cir.) ("It is within the trial court's discretion to deny a motion to substitute made on the eve of trial where substitution would require a continuance."), cert. denied, 115 S.Ct. 357 (1994).
 
 
 5
 Early argues that the prosecution failed to disclose exculpatory evidence about a witness's informant status and criminal history, in violation of Brady v. Maryland, 373 U.S. 83 (1963). The record shows, however, that Early was aware of this information at trial. He has not identified any withheld evidence that would have been material and favorable to his defense. United States v. Bagley, 473 U.S. 667, 674. There was no Brady violation.
 
 
 6
 The petition is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3